IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-922-DGW |
| ) | |
| ALBERT MARTIN, III, TANYA L. ) | |
| MARTIN, CITY OF BELLEVILLE, ) | |
| SECRETARY OF HOUSING AND URBAN ) | |
| DEVELOPMENT, UNKNOWN PARTIES, ) | |
| and NON-RECORD CLAIMANTS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Dismiss for Want of Prosecution filed by Defendant, United State of America (Secretary of Housing and Urban Development) on April 1, 2014 (ECF 34). The Motion is **GRANTED.**

Federal Rule of Civil Procedure 41 provides that a Defendant may move to dismiss for want of prosecution and that dismissal would act as an adjudication on the merits. This is Defendant's third Motion to Dismiss for want of prosecution. In the first Motion, Defendant indicated that Plaintiff failed to respond to discovery (ECF 8); notwithstanding the significant delay of Plaintiff's response, the Motion was denied because of the limited prejudice occasioned by the delay (ECF 22). In the second Motion, Defendant argued that Plaintiff failed to seek default and default judgment as to certain Defendants[1] by a Court imposed deadline of January 28, 2014 (ECF 32). That deadline had been set by the Court after a telephonic conference in which

---
[1] All Defendants except for the United States have failed to file a responsive pleading.

Plaintiff's attorney appeared (ECF 29). When Plaintiff failed to seek default and default judgment by the deadline, this Court set an in person conference to occur on February 13, 2014 in which Plaintiff was directed to discuss whether the matter should be dismissed for want of prosecution (ECF 30). At the hearing, Plaintiff was admonished of the necessity of following Court imposed deadlines and to prosecute this matter in a timely manner; Plaintiff was granted until March 31, 2014 to seek default and was further admonished that no further extensions would be granted (ECF 33).

Plaintiff did not seek default and/or default judgment by the deadline. As indicated in a previous Order, a court may dismiss a claim or action if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. FED.R.CIV.P. 41(b). "Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" *Kasalo v. Harris & Harris, Ltd*., 656 F.3d 557, 561 (7th Cir. 2011) (citing *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)). The appropriateness of a dismissal for want of prosecution "depends on all the circumstances of the case." *Kasolo*, 656 F.3d at 561 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 641-42, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). The factors the court should consider include: "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Kasalo*, 656 F.3d at 561 (citing *Aura Lamp & Lighting Inc. v. Int'l Trading Corp*., 325 F.3d 903, 908 (7th Cir. 2003).

In this matter, Plaintiff has failed to timely respond to discovery and has failed to comply with two deadlines. Plaintiff was admonished of the necessity to comply with the deadlines imposed by this Court and the Court's expectation that its Orders will be followed. Plaintiff is not an unsophisticated party nor do its attorneys appear to be novices. This matter has been pending for over 18 months with no significant progress. Defendants can only be prejudiced by Plaintiff's failure to follow the Federal Rules and the Orders of this Court that are designed to ensure that this matter is resolved as quickly and accurately as possible. This matter is a foreclosure action in which Plaintiff seeks accelerated payment of $111,476.33 pursuant to a mortgage agreement. Plaintiff further indicates that the per diem interest rate on the loan is $20.90. Plaintiff's delay, then, in seeking judgment in this matter not only wastes judicial resources, but also creates uncertainty with respect to Defendants and a daily increase in the possible judgment amount. Finally, Plaintiff has failed to respond to the Motion, thereby admitting to the merits pursuant to Local Rule 7.1(b).

For these reasons, Defendant's Motion is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**. This dismissal operates as an adjudication on the merits. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**